884 F.2d 1388
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
ISLAND CREEK COAL COMPANY, Plaintiff-Appellant,
and
Garden Creek Pocahontas Company, Plaintiff,
v.
LAKE SHORE, INC., Defendant-Appellee.
ISLAND CREEK COAL COMPANY, Plaintiff-Appellant,
and
Garden Creek Pocahontas Company, Plaintiff,
v.
LAKE SHORE, INC., Defendant-Appellee.
 No. 88-1338, 88-1339.
 United States Court of Appeals, Fourth Circuit.
 Argued April 12, 1989.
Decided Aug. 16, 1989.
 
 Richard Cullen (John M. Oakey, McGuire, Woods, Battle & Boothe, Ernest C. Vaughan, Jr., Boyd, Randolph, Cherry & Vaughan on brief) for appellants.
 John L. Walker, Jr., Michael F. Urbanski (Frank K. Friedman, Woods, Rogers & Hazlegrove on brief) for appellee.
 Before ERVIN, Chief Judge, and DONALD RUSSELL and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 In this diversity action filed September 9, 1982, appellants, operators of coal mines, sought to recover property damages resulting from the breakdown of machinery purchased by them from the appellee. Theories of liability included negligence and breach of warranty. The appellee had sold to the appellants a sheave shaft, used in a mine coal hoisting mechanism, that failed. Prior to trial, appellants discovered that a similar piece of mining equipment owned by a western mining concern and designed by the appellee had failed one year prior to the failure that precipitated this action. Accordingly, appellants sought leave of the court to amend their complaint and add claims for failure to warn and for punitive damages. This motion was denied and the district court granted a motion for partial summary judgment in favor of the appellee. The court found that the appellant's claim for lost profits was barred by a clause in the sales contract that excluded consequential and special damages. Island Creek Coal Co. v. Lake Shore Inc., 636 F.Supp. 285 (W.D.Va.1986).
 
 
 2
 Folloowing this ruling, the parties entered into a compromise settlement disposing of appellants' claim for direct property damages. Appellants then appealed the district court's denial of leave to amend and its entry of partial summary judgment. In a published opinion, this court concluded that the contract barred consequential and special damages but reversed the denial of appellants' motion to amend. Island Creek Coal Co. v. Lake Shore Inc., 832 F.2d 274 (4th Cir.1987).
 
 
 3
 The district court, in accordance with this court's order, granted appellants leave to amend their complaint. In that complaint, it was alleged that appellee intentionally failed to warn of defects in the sheave shaft. The amended complaint sought consequential and punitive damages. After both parties were heard on the matter, the district court granted summary judgment in favor of the appellee, again finding that the contract of sale barred the sought for recovery.
 
 
 4
 The sole issue to be considered here is whether, in light of the opinion of this court, the grant of summary judgment on the amended complaint was proper. We hold that it was not.
 
 
 5
 In its majority opinion, this court concluded its remarks by stating that "the refusal [of the district court to allow the amendment of the complaint] could well mean that the plaintiffs would be denied the opportunity to a hearing on the merits of their claim, which they brought before the court with reasonable promptness after the discovery of the facts supporting their claim, facts which had been known to the defendant for a considerable length of time." 832 F.2d at 281.
 
 
 6
 While we now express no opinion as to whether or not the appellants in their amended complaint have stated a claim upon which they are sure to recover, a proper reading of Island Creek Coal makes it clear that this is a case to be heard on the merits, affording the appellants an opportunity to prove their claim, if they can. Summary judgment thus is an inappropriate method for disposing of this case.
 
 
 7
 Accordingly, the judgment of the district court is
 
 
 8
 iREVERSED AND REMANDED WITH INSTRUCTIONS